UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO PEREZ-RUIZ,
        PETITIONER,

V.                              CASE NO. 00-0048

UNITED STATES OF AMERICA,
        RESPONDENT,

PETITIONER'S BRIEF IN SUPPORT OF MOTION PURSUANT
TO TITLE 28 U.S.C. § 2255, TO VACATE, SET ASIDE,
AND CORRECT CONVICTION AND SENTENCE

Now comes the petitioner, Julio Perez-Ruiz, pro-se, in the above styled cause, and presents this honorable court with the following brief with memorandum of law in support of his motion to vacate, set aside, and correct conviction and sentence. The petitioner states the following to wit in support:

This court, in reviewing each claims should address the merits of each claim, regardless of the legal theories, poor syntax, sentencing construction, or the litigant's unfamiliarity with pleading requirements. Overall, an evidentiary hearing should be held in the event any fact is in dispute with the petitioner's claims. See, Title 28 U.S.C. § 2246.

Therefore, the petitioner submits the following brief in support of his § 2255 application seeking to vacate, set aside, and correct his conviction and sentence.

1

INEFFECTIVE ASSISTANCE OF COUNSEL AND CLEAR ERROR
FOR DISTRICT COURT'S FAILURE TO MAKE FACTUALING FINDINGS
OF DRUG TYPE AND QUANTITY ATTRIBUTED TO THE PETITIONER

The petitioner contends that he has suffered a Sixth
Amendment right violation of ineffective assistance of counsel,
where his attorney failed to raise on direct appeal and remand
that the district court erred in failing to make factual findings
of the drug type and quantity attributable to him for his consp-
iracy conviction at sentencing.  Additionally, the petiitioner
contends that clear error has occurred, as he had a fundamental
procedural guaranteed right pursuant to the Federal Due Process
Clause, to have the district court make factual findings of drug
type and quantity at sentencing, and the court erred in failing
to do so.  The clearly erroneous standard applied to the present
claim.  See, U.S. v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992).

The petitioner, having been convicted in this court
by way of a jury trial, for a multiple drug conspiracy offense,
has had the First Circuit vacate his sentence on direct appeal
and order resentencing in light of Apprendi v. New Jersey, 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See, U.S. v.
Perez-Ruiz, 353 F.3d 1, 16 (1st Cir. 2003).  The district court
went on to resentence the petitioner to twenty (20) years after
the First Circuit's remand, as the petitioner's resentencing
occurred prior to the Supreme Court's ruling in Blakely v. Wash-
ington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and
U.S. v. Booker, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621
(2005).  See, U.S. v. Perez-Ruiz, 421 F.3d 11 (1st Cir. 2005).
The petitioner contends that at no time during the direct appeal
did counsel raise the argument that the district court failed to

make factual findings of the drug type and quantity that could
be attributed to him at sentencing, nor did counsel raise the
issue at resentencing and the appeal of the district court's
resentencing. Counsel did make objections at the initial sente-
ncing in reference to drug type and quantity, yet, counsel failed
to further pursue the arguments. See, Exh. A. The petitioner
contends that error occurred for his attorney failing to seek an
appeal of the district court's failure to make factual findings
of the drug type and quantity attributed to him, rendering his
attorney ineffective. The petitioner also contends that the dis-
trict court erred in failing to make factual findings in refere-
nce to the drug type and quantity attributable to him, when such
was in dispute and he had a fundamental right for the court to
do so.

The law was established at the time of the petitioner's
sentencing, that the sentencing guidelines applicable at senten-
cing are those in effect at that time. See, U.S. v. Harotunian,
920 F.2d 1040, 1041-42 (1st Cir. 1990). Also, in reference to
drug offenses (conspiracy), district court must make factual fin-
dings as to the scope of criminal activity undertaken by a part-
icular defendant in the conspiracy. See, U.S. v. Marrero-Ortiz,
160 F.3d 768, 779 (1st Cir. 1998).

The First Circuit has ruled that in a narcotics case,
drug quantity is an important integer in calculating the base
offense level (and hence, the sentence itself). A defendant is
not automatically saddled with the full weight of the conspiracy's
drug quantity, rather a defendant is responsible for drugs that he

3

personally handled or anticipated handling, and under the relev-
ant conduct rubric, for drugs involved in additional acts that
were reasonably foreseeable by him and were committed in furthe-
rance of the conspiracy. See, U.S. v. Sepulveda, 15 F.3d 1161,
1196-97 (1st Cir. 1993).

Where there is no drug seizure or the amount seized does
not reflect the scale of the offense, the court shall approximate
the quantity of the controlled substance. Different types of
drugs affect the offense calculation in different ways. Id. U.S.
v. Marrero, 160 F.3d at 779. In estimating the quantity of drugs
attributable to a defendant, a court may base its computation on
evidence showing the average frequency and amounts of defendant's
drug sales, drug transactions, and drug trips at specific times
and places. Id. 160 F.3d at 779-80 and 15 F.3d at 1197-1202.
The court in this case did not reference any evidence to support
an assessment of drug type and quantity attributable to the pet-
itioner at his initial sentencing, nor at resentencing after rem-
and from the First Circuit. See, Sentencing trans. of March 18,
2002, and May 20, 2004.

The petitioner's attorney presented arguments in light
of Apprendi, Blakely, and Booker on the appeal of the district
court's resentencing, yet, counsel made no argument of the dist-
rict court's error in failing to make factual findings of the
drug type and quantity attributed to the petitioner. Id. 421
F.3d at 11. At resentencing, the district court merely attribu-
ted the petitioner the Fifteen (15) kilograms of cocaine that
was alleged to be the quantity of drugs for the full conspiracy.

4

It is without dispute that the First Circuit ruled
that there was very little credible information in reference to
drug type and quantity that could be attributed to the petitioner
for sentencing purposes, specificly, when there existed no drug
evidence, and the government failed to present any factual foun-
dation to support a drug quantity.  Id. 353 F.3d at 18-19.  The
First Circuit went on further to state that the drug type and quan-
tity did have weaknesses in the second appeal, yet, did not vac-
ate the petitioner's twenty (20) year sentence, and concluded
that district court's finding of 15 kilograms was adequately sup-
ported against any charge that the finding was clear error.  Id.
421 F.3d at 11.

The petitioner brings to the court's attention that the
district court erred, and a manifest injustice has occurred, where
he was attributed fifteen (15) kilograms of cocaine for sentenc-
ing purposes, counsel failed to put on any evidence or testimony
disputing the fifteen (15) kilograms, and the court attributed
the petitioner the fifteen (15) kilograms, which was the full
amount of drugs involved in the conspiracy, without factual det-
erminations.  Overall, the petitioner contends that the fifteen
(15) kilograms attributed to him was based on false and unrelia-
ble information and testimony.

The petitioner contends that even assuming that he had
involement with the conspiracy of the present case, he had no
knowledge, participation, nor association with the witnesses
Joel Irizarry Rosario and Frankie Pietri Sepulveda.  Also, the
petitioner contends that he had no involement with the La Cabra
organization, nor did he have a drug point as alleged.

5

The petitioner contends that any information and
testimony from the witnesses Irizarry and Sepulveda that he had
association with them, that he had a drug point, and that he had
involement with the La Cabra organization, is false and unrelia-
ble.   Id. Exh. B.

The law has long since been established that due process
forbids a defendant being sentenced on the basis of false and
unreliable information, testimony, and evidence.  See, U.S. v.
Tucker, 404 U.S. 433, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972).   The
First Circuit has established the law that the sentencing court
is required to make an independent determination regarding the
reliability and responsibility of information, evidence, and
testimony relied upon for sentencing purposes, even when the
evidence was presented at trial.  See, U.S. v. Tavano, 12 F.3d
301, 306 (1st Cir. 1993).  The sentencing court, moreover, must
fully consider all evidence that undermines or contradicts a
witness's testimony when making a sentencing determination.   Id.
U.S. v. Tavano, surpa.

The petitioner does not contend that he could be attributed
fifteen (15) kilograms of cocaine for sentencing purposes, yet,
even if he could be attributed such, the court was under a duty
to determine whether the information, evidence, and testimony
relied upon for determining the fifteen (15) kilograms were based
on true and accurate information, evidence, and testimony.   The
district court in this case failed to perform this duty at the
initial sentencing and at resentencing.  Counsel failed to raise
this issue at any time during direct appeal and the appeal of the
district court's resentencing.   Id.

The district court has not made an assessment of whether the information presented in the petitioner's sworn affidavit, which must occur at the present time contradicts the information, testimony, and evidence used for sentencing purposes. Id. U.S. v. Tavano, supra. and § 6A1.3(a), U.S.S.G..

In conclusion, the First Circuit ruled long ago in cases on appeal that the district court must make factual findings of the drug type and quantity attributable to a defendant at sentencing, and when the amount of drugs attributed to a defendant is in dispute, the court must make an independent resolution of the factual issue at sentencing. Id. 15 F.3d at 1199. The First Circuit only reaffirmed this established law in the petitioner's initial appeal. Id. 353 F.3d at 19.

Here, the court appears to have relied on speculation, conjecture, hunch, and inuition in sentencing the petitioner to to the fifteen (15) kilograms involved in the conspiracy, that which it cannot legally do. Id. Marrero-Ortiz, 160 F.3d at 780. The record and sentencing transcripts of resentencing is void and without any factual recitation of how the amount of drugs was calculated and attributed to the petitioner. Of most importance, the court did not rely on the average frequency and amounts of drug sales made by the petitioner, amounts of drugs given to the petitioner for sale or distribution, amounts of drugs purchased by the petitioner, amounts of drugs transacted, nor trips made for trifficking, distributing, possession, and purchasing of drugs by the petitioner. Such was required as established by the law in the First Circuit. Id. 160 F.3d at 779-80 and 15 F.3d 1197-1202.

7

This court did not reference any evidence to support an assessment that the petitioner was to be attributed fifteen (15) kilograms of cocaine for sentencing purposes. This court must also resentence the petitioner, as the court has erroneously sentenced the petitioner to the full weight of the conspiracy's drug quantity, without factual findings, of which it cannot legally do. Id. 15 F.3d at 1197.

It is without dispute that the petitioner's attorney should have presented this argument at sometime during the initial appeal and the appeal of the district court's resentencing. The petitioner's counsel should have also compelled the government to meet its burden of proving the drug type and quantity at sentencing, and that such was based on true and accurate information, testimony, and evidence. See, U.S. v. Sklar, 920 F.2d 107, 112-113 (1st Cir. 1990) and U.S. v. Garcia, 954 F.2d 12 (1st Cir. 1992). The petitioner's attorney was ineffective for failing to correctly litigate this argument, which caused the petitioner to suffer an erroneous increase in sentence.

Clear error has occurred and a manifest injustice exist in the present case, and this court must vacate the petitioner's sentence and order the case back to the district court for further proceedings in compliance with this argument.

For the following reasons stated, the petitioner's sentence must be vacated.

8

INEFFECTIVE ASSISTANCE OF COUNSEL AND CLEAR ERROR
FOR DISTRICT COURT'S FAILURE TO MAKE FACTUAL FINDINGS
OF LEADERSHIP ROLE AND GUN POSSESSION

The petitioner contends that he has suffered a Sixth
Amendment right violation of ineffective assistance of counsel,
where his attorney failed to raise on direct appeal and remand
that the district court erred in failing to make factual findings
of the leadership role and the gun possession attributed to him
by way of the sentencing guidelines at sentencing. Additionally,
the petitioner contends that clear error has occurred, as he had
a fundamental procedural guaranteed right pursuant to the Federal
Due Process Clause, to have the district court make factual find-
ings of the sentencing guidelines enhancements, and the court
erred in failing to do so. See, U.S. v. St. Cyr, 977 F.2d 698,
701 (1st Cir. 1992).

The petitioner brings to the court's attention that
just as drug type and quantity are attributed to a defendant,
sentencing guidelines enhancements can be attributed to a defen-
dant after proof beyond a reasonable doubt, a preponderance of
the evidence, and after factual findings by the court. See,
U.S. v. Shrader, 56 F.3d 291, 293 (1st Cir. 1995) and U.S. v.
Voccola, 99 F.3d 37, 44 (1st Cir. 1996). Additionally, the gove-
rnment must present information, testimony, and evidence based
on sufficient factual reliability and responsibility in attribu-
ting a defendant the enhancements, and the court must do the same
in making factual findings. See, U.S. v. Cruz, 120 F.3d 1, 3
(1st Cir. 1997).

9

In the instant case, the court pointed to no specific time nor incident where the petitioner possessed a firearm during the conspiracy of the present case in attributing the petitioner the two (2) enhancement points for, nor was there any evidence that the petitioner possessed the firearm for potential use in connection with the conspiracy or drug trafficking activites related to the present case. See, Sentencing trans. of May 20, 2004, at pg. 15-18. Counsel did make objections at sentencing, yet, failed to have the court make factual findings as required by law, and counsel failed to raise the issue on either appeal in this manner. In any event, the petitioner was erroneously attributed the two (2) points for possessing a firearm during the conspiracy offense. See, Id. Marrero-ortiz, 160 F.3d at 778-779.

Also, the court pointed to no specific individuals whom the petitioner exercised control over during the conspiracy of the case, in order for him to receive a leadership and/or supervisor role. The record also fails to reflect the basis for the court's determination. The court failed to make specific factual findings on the matter, and no explanation can fairly be implied from the record as a whole that such an enhancement was to be attributed to the petitioner. Id. Marrero-Ortiz, 160 F.3d at 779. Counsel did make an objection at sentencing, yet, the court failed to make factual findings on the matter, and counsel failed to raise the issue on either appeal in this manner. Id. Sentencing trans. of May 20, 2004, at pg. 4-5 and 15-18.

10

Of overall importance, the petitioner contends that the
information and testimony relied upon for attributing him the
enhancement points for leadership and possession of a firearm
during the conspiracy is false and unreliable.  Id. Exh. B.
Such cannot be used against the petitioner for sentencing pur-
poses.  Id. U.S. v. Tucker, supra.

It is without dispute that the petitioner's attorney
should have presented this argument at sometime during the init-
ial appeal and the appeal of the district court's resentencing.
The petitioner's counsel should have also compelled the governm-
ent to meet ist burden of proving that the sentencing guidelines
were warranted at sentencing, and the such was based on true and
accurate information, testimony, and evidence.  Id. U.S. v. Sklar,
supra. and U.S. v. Garcia, supra.  The petitioner's attorney was
ineffective for failing to correctly litigate this argument, of
which caused the petitioner to suffer an erroneous increase in
sentence.

clear error has occurred and a manifest injustice exist
in the present case, and this court must vacate the petitioner's
sentence and order the case back to the district court for furt-
her proceedings in compliance with this argument.

For the following reasons stated, the petitioner's sentence
must be vacated.

11

STRUCTURAL ERROR AND A VIOLATION OF THE PETITIONER'S
FUNDAMENTAL PROCEDURAL GUARANTEED RIGHT TO NOTICE AND
REASONABLE DOUBT INSTRUCTIONS TO THE JURY IN LIGHT OF THE
RULINGS IN APPRENDI, BLAKELY, AND BOOKER

The petitioner brings to this court's attention that
structural error has occurred in light of the Supreme Court's
ruling in Apprendi, Blakely, and Booker, where Apprendi rendered
drug type and quantity elements of a federal drug offense, and
the jury was not instructed to determine guilt on the elements of
drug type and quantity, nor determined guilt on the elements of
drug type and quantity.  The petitioner also contends that he has
suffered a  Fifth Amendment right violation pursuant to the Fede-
ral Due Process Clause, where he was not given notice that drug
type and quantity were vital elements of his drug offenses at the
time of trial, and where the court incorrectly gave the jury a
reasonable doubt instruction on the elements of drug type and qua-
ntity.  The petitioner further contends that his conviction and
sentence must be vacated because of the constitutional violations
that has occurred.

The law is established that structural error is an error
that causes a defect affecting the framework within which the
trial proceeds.  See, Arizona v. Fulminante, 499 U.S. 279, 310,
111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).  The Supreme Court has
long since ruled that structural error, which defies harmless and
plain error review, occurs when the jury has not been instructed
on the required elements of an offense, and when the jury has not
determined guilt on the required elements of an offense.  See,
Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704.

12

(1986) and Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

The petitioner contends that such a structural error has occurred in the present case where drug type and quantity were not presented to the jury in its instructions for determining guilt, and when the jury did not determine guilt on the required elements of drug type and quantity.

The Supreme Court went on to further rule on the manner in which structural error applies in California v. Roy, 519 U.S. 2, 136 L.Ed.2d 266, 117 S.Ct. 337 (1996). In Roy, the Supreme Court noted:

> "The specific error at issue here, an error in the instruction that defined the crime is as easily characterized as a misde-scription of an element of the crime, as it is characterized as an error or omission." Id. 117 S.Ct. at 339.

The petitioner has previously presented the First Circuit a structural error claim in reference to his Apprendi, Blakely, and Booker violation. Id. Perez-Ruiz, 353 F.3d at 17 and 421 F.3d at 11. The First Circuit ruled that structural error does not occur when an Apprendi error is committed. Id. The Supreme Court will soon resolve the issue as to whether or not structural error occurs where an Apprendi, Blakely, and Booker, error is committed, which is relevant to the present case. See, Recueno v. Washington, U.S. No. 05-83, certiorari granted October 10, 2005. The petitioner's indictment charged him with conspiracy to distribute in excess of one (1) kilogram of heroin, in excess of five (5) kilograms of cocaine, in excess of fifty (50) grams of cocaine base in count one. See, Charging Indictment.

13

At the petitioner's trial, the court did not instruct the jury that the jury that drug type and quantity were elements of the drug offense, nor did the jury determine guilt on the elements of the drug offense, nor did the jury determine guilt on the elements of drug type quantity. See, Jury Instructions and Jury Verdict. The law established in Apprendi was not in fact at the time of the petitioner's trial.

The jury in this case did find that the charged conspiracy involved the drug type and quantities listed in any satutory provision and charged in the indictment. The law is now established that the jury instuctions must supply a proper linkage with the drug type and quantity charged in the indictment. Id. Pérez-Ruiz, 353 F.3d at 16. The jury instructions in this case did not supply that linkage. Given the fact that the district court failed to instruct the jury that drug type and quantity were elements of the drug offenses in the indictment, and that drug type and quantity had to proven beyond a reasonable doubt in determining guilt, structural error has occurred. It is irrelevant that the law established in Apprendi occurred after the petitioner's trial and sentencing, as structural error requires reversal without the application of harmless error, plain error, procedural bar, and waiver. Id. Clark, 478 U.S. at 577-78, 106 S.Ct. at 3105-06 and Fulminante, 499 U.S. at 310, 111 S.Ct. at 1265.

The petitioner also makes the claim that he was not afforded notice of the elements of drug type and quantity for his drug offense, and the court did not correctly instruct the jury on reasonable doubt in reference to the same drug offense.

14

The petitioner contends that his conviction and sentence cannot stand and/or be substantiated, as his conviction and sentence is not consistent with the fundamental notice requirements of the Federal Due Process Clause. The Supreme Court has long since ruled that such convictions must be vacated. See, Rabe v. Washington, 405 U.S. 313, 31 L.Ed.2d 258, 92 S.Ct. 993 (1972).

In conjunction with Due Process right to notice, a defendant has a Due Process right to have the jury correctly instructed on the elements of a charged offense, as well as proof beyond a reasonable doubt on the same elements. See, Jackson v. Virginia, 443 U.S. 307, 316, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1970) and In Re Winship, 397 U.S. 358, 364, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970). Due Process forbids the conviction of a person of a crime without proof of the elements of that crime beyond a reasonable doubt. Id. Reviewing the facts of the present case as set out in the structural error argument, the jury was never instructed on the elements of drug type and quantity, nor did the jury determine guilt on the basis of drug type and quantity as elements. Such was a clear violation of the petitioner's procedural guaranteed right to Due Process.

The Supreme Court has addressed a similar matter with facts relevant to the present case, and determined that such violations warrant a petitioner's conviction being vacated. See, Fiore v. white, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). In Fiore, the Supreme Court heard a habeas petitioner's claim that he was entitled to the change of law that occurred in refernce to a Pennsylvania statute of which he was convicted, where the change of law occurred after the petitioner's conviction became final.

15

The Supreme Court granted certiorari in part to decide when or whether the Federal Due Process Clause requires a state to apply a new interpretation of a state criminal statute retroactively on collateral review.

The Supreme Court ruled that "the case presents no isue of retroactivity. Rather, the question is simply whether Pennsylvania can, consistently with the Federal Due Process Clause, convict Fiore, for conduct that its criminal statute, as properly interpreted, does not prohibit." Id. The court further ruled that its precedents make clear that Fiore's conviction and continued incarceration on the charge, violated due process, and reversed the judgment denying the petitioner relief. The court relied on Jackson v. Virginia and In Re Winship in making its decision. Id.

The facts circumstances, and applicable law set out in Fiore apply to the present case, where Apprendi clarified the law that drug type and quantity are elements of a federal drug offense, and the law must be applied retroactively to the case on collateral attack, because of the violation of the Federal Due Process Clause that has occurred. It is without dispute that the petitioner's conviction and sentence must be vacated because of the Apprendi violation that has occurred here.

There has been error by the district courts and the circuit courts in the majority, as all courts have erroneously ruled that the ruling in Apprendi does not retroactively apply to cases on collateral review. See, McCoy v. U.S., 266 F.3d 1245, 1256-57 (11th Cir. 2001). The district courts and the circuit courts have all acted contrary to the law established in the Supreme Court,

16

and none of the courts have addressed and adjudicated on the
merits, the mannder in which Apprendi is applied retroactively
when a violation of the Federal Due Process Clause has occurred
in light of Fiore.

     For later arguments sake, and of additional importance,
the Supreme Court's ruling in Blakely, where the Supreme Court
ruled that the statutory maximum for Apprendi purposes is the
maximum sentence a judge may impose solely on the basis of the
facts reflected in the jury verdict or admitted to by the defend-
ant. And the ruling in Booker, where the Supreme Court ruled that
the ruling in Blakely applied to the Federal Sentencing Guidelines
advisory, no longer mandatory, are both retroactivly applicable
to petitioner's case. The court erroneously used the mandatory
scheme for sentencing. The petitioner contends also that the
court sentence him beyond any statutory maximum he could faced
given the fact that the jury did not determine any drug type or
quantity.

     The ruling in Blakely and Booker, only reaffirmed the
Sixth Amendment as established in Apprendi, which warrants the
established law in those rulings being applied to the present
case. See, Yates v. Aiken, 484 U.S. 211, 108 S.Ct. 534, 537, 98
L.Ed.2d 546 (1988). Apprendi was applied to the petitioner's case
and Blakely, as well as Booker were applied to the petitioner's
case in the appeal of his resentencing. Because the ruling in
Blakely and Booker merely applied settled precedent of the Sixth
Amendment in light of Apprendi, to new and different factual sit-
uations, the rulings must be retroactively applied on collateral
review. See, U.S. v. Johnson, 457 U.s. 537, 549, 102 S.Ct. 2579,
73 L.Ed.2d 202 (1982).

                              17

The ruling in Teague v. Lane, 489 U.s. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), in reference to the nonretroactivity of such rulings is not applicable here.  The present case involves structural error and a violation of the Federal Due Process Clause, both of which require relief without a retroactivity determination as set out in Teague.

It is without dispute that the petitioner has suffered a structural error and a violation of his fundamental procedural right to notice and a correct reasonable doubt instruction to the jury in light of Apprendi.  The rulings in Apprendi, Blakely, and Booker, must be applied to the present case on collateral review, without a retroactivity determination.  The petitioner's conviction and sentence must be vacated.

For the following reasons stated, the petitioner's drug conviction must be vacated, and the case ordered back to the district court for futher proceedings.

18

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that although his claims being presented were fundamental errors, the claim of ineffective assistance of counsel is also applicable here.  The petitioner has suffered a Fifth and Sixth Amendment right violation because of his attorney's ineffective assistance of counsel.

The Sixth Amendment in part provides, "in all criminal prosecutions, an accused shall enjoy the right to have assistance of counsel for his defense.  The Sixth Amendment right to defense counsel in felony prosecutions is a fundamental right binding on the states through the Fourteenth Amendment as well." See, Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and Gideon v. Wainwright, 372 U.s. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).  The standard which must be applied in determining what constitutes ineffective assistance of counsel are set forth in Strickland v. Washington.

The Strickland test has two components, both of which must be satisfied to established that defense counsel's performance was ineffective.  Id. at 687.  This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the dificient performance prejudiced the defense.  To make this showing, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.

19

A court deciding an actual ineffective assistance of counsel claim must judge the reasonableness of counsel's challenged conduct on the facts of a particular case, viewed at the time of counsel's conduct. A convicted defendant making claims of ineffective assistance of counsel must identify the acts of omission of counsel's that are alleged to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range or professionally competent assistance. Id. at 690. The Supreme Court further recognized in Stickland, that counsel bears the duty to make reasonable investigation of the law and facts in his client's case. Id. at 691. Additionally, the ABA standards relating to the administration of cirminal justice provides:

> "It is the duty of the lawyer to conduct prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the jmerits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and the law enforcement authorities. The duty to investigate exist regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty." Id. Standard 4-4.1

The Supreme Court has established that the standards for ineffective assistance of counsel is the same for trial and appellate counsel. See, Evitts v. Lucey, 469 U.S. 387, 83 L.Ed.2d 821, 105 S.Ct. 830 (1995). The petitioner has set out the errors that counsel made in the present case, which rendered counsel's performance ineffective.

In the instant case, counsel vigorously argued at sentencing and prior to sentencing, that the petitioner's presentence

report did not attribute him a base offense level for any drug
type or quantity, and that a calculation for drug type and qua-
ntity was necessary to determine the base offense level.    Id.
Exh. A.    Although, the petitioner's attorney raised an Apprendi
issue on his behalf on direct appeal, counsel did not fully and
fairly argue the drug type and quantity determination as now
being presented to the court.    Counsel also failed to argue the
claim on remand and the appeal of the remand.    Here, it is clear
that counsel should have argued that the government should have
met its burden of proving the drug type and quantity attributed
to the petitioner, and that the court had a duty to make factual
determinations in attributing the petitioner drug type and quan-
tity.    Overall, the government had to prove that the drug type
and quantity that would be attributed to the petitioner was based
on true and accurate information, testimony, and evidence, and
the court had to determine whether the information, testimony,
and evidence that determined drug type and quantity, was based
on true and accurate information.    The petitioner's attorney
never presented the claim that the petitioner's drug type and
quantity was based on false and unreliable information and test-
imony, and there existed no evidence of drug type and quantity
on record.

    As an additional matter, structural error, in light of
an Apprendi, Blakely, and Booker error is now being addressed
by the Supreme Court.    The petitioner sought relief by way of
structural error claims on direct appeal and the appeal of the
remand, and counsel has failed to pursue the issue to the Supreme
Court.

The petitioner's sentence and conviction is unjust, and the errors that occurred for the most part, resulted from the petitioner's attorney's deficient performance. It is clear that the petitioner had a fundamental right to the application of the law established in Apprendi, Blakely, and Booker. Had counsel argued his claims correctly, as now being presented, the petitioner would not have suffered an erroneous increased sentence at the least.

Given counsel the benefit, counsel has attempted to litigate the petitioner's Apprendi, Blakely, and Booker claims fairly, and if this court conclude's that counsel was not ineffective, the violation of the petitioner's fundamental rights compels this court to grant the petitioner the just and proper relief. This case reaps circumstances where had counsel performed as the counsel guaranteed by the Sixth Amendment, the petitioner would not have suffered an increased sentence for drug type and quantity. See, Tajeda v. Dubois, 142 F.3d 18, 22-25 (1st Cir. 1998), U.S. v. Ortiz, 146 F.3d 25, 27-28 (1st Cir. 1998), and U.S. v. Gonzlez, 202 F.3d 20, 25 (1st Cir. 2000).

The Supreme Court has ruled that counsel is rendered ineffective for allowing a defendant's sentence to be erroneously enhanced only recenly. See, Glover v. U.S., 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2000). The Supreme Court has also recently ruled that counsel's failure to raise issues in the district court and on direct appeal renders counsel ineffective, and waiver nor procedural bar prevents the petitioner from obtaining relief. See, Massaro v. U.S., 538 U.S. 500,

22

509, 155 L.Ed.2d 714, 123 S.Ct. 1690 (2004).  Certainly, the petitioner's attorney was ineffective in the present case, which rendered the entire proceedings fundamentally unfair.  The petitioner is entitled to relief.

        For the following reasons stated, the petitioner must be granted the just and proper relief requested in all claims presented

### CONCLUSION

        This court should readily address and adjudicate the merits of the petitioner's claims, and hold an evidentiary hearing to resolve the errors that have occurred.

        The petitioner request an evidentiary hearing to resolve the matters of a fundamental miscarriage of justice that has occured, of which has affected the fundamental fairness of the proceedings and the court.  See, U.S. v. Addonizio, 442 U.S., 178, 185, 99 S.Ct. 2235, 2240, 60 L,Ed.2d 805 (1979).

        Wherefore, the petitioner request this honorable court to grant him the requested relief in the present § 2255 motion, as he is entitled to relief in reference to the claims presented to this court, or an evidentiary hearing should be held without hast.

                    Respectfully Submitted,

                    Julio Pérez Ruiz, Pro-se
                    #20207-069
                    FCC Coleman-USP
                    P.O. Box 1033
                    Coleman, Florida 33521-1033

23

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing

has been forwarded to the following parties listed below by way

of United States Mail on this _3/_ day of _January_ 2005.

United States Attorneys Office
Attn: Sonia Torres, AUSA
Torre Chardon
350 Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918

_____
Julio Perez Ruiz, Pro-se

24