UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
             RESPONDENT,


V.                                    CASE NO. 00-0048 *JAF*


JULIO PEREZ RUIZ,
             PETITIONER,


PETITIONER'S REQUEST FOR RESOLUTION OF A QUESTION OF LAW
IN LIGHT OF CONSTITUTIONAL BOOKER ERROR AND A REQUEST FOR
CORRECTION OF A MANIFEST INJUSTICE ON OBVIOUSLY WRONG AND
UNREASONABLE DECISOINS

Now comes the petitioner, Julo Perez Ruiz, pro-se, in the

above styled cause, and request this honorable court for resolu-

tion of a question of law in light of constitutional Booker error,

and the petitioner request the court for correction of a manifest

injustice on obviously wrong and unreasonable decisions.  The

petitioner states the following to wit in support:

The petitioner, having been tried and convicted in this

court, and having had the First Circuit remand the case back to

this court for resentencing in light of the Supreme Court's rul-

ing in Apprendi v. New Jersey, 530 U.S. 466 (2000), opinion cited

in U.S. v. Perez-Ruiz, 353 F.3d 1, 14 (1st Cir. 2003), request

this honorable court for resolution of a question of law in light

of constitutional Booker error, relevant to the Supreme Court's

ruling in U.S. v. Booker, 542 U.S. 296 (2004).  The petitioner

request resolution of the question of law because of the First

Circuit failure to review the appeal of his resentencing for con-

stitutional Booker, opinion cited in U.S. v. Perez- Ruiz, 421

F.3d 11   (1st Cir. 2005), and because the First Circuit has

1

yet to address, adjudicate, and resolve a claim of constitutional Booker error as other Circuits have.

The petitioner also request this honorable court for correction of a manifest injustice on obviously wrong and unreasonable decisions made by this court and the First Circuit when entertaining his sentencing, direct appeal, resentencing, and the appeal of his resentencing, where constitutional Booker error has occurred and gone uncorrected. The petitioner contends that he has suffered sufficient prejudice as a result of the obviously wrong and unreasonable decisions, and the errors must be corrected at this time, as there exist an injustice. The petitioner has set out his argument and memorandum of law below.

## JURISDICTION

This court has jurisdiction and authority to hear and resolve the present question of law and to correct the manifest injustice pursuant to its inherent authority, as an injustice has occurred.

## ARGUMENT AND MEMORANDUM OF LAW

The First Circuit has ruled that questions of law are reviewed de novo, and only recently ruled that a challenge to the guideline calculation presents a question of law warranting a de novo review. See, U.S. v. Ziskind, 491 F.3d 10, 16 (1st Cir. 2007) (Quoting U.S. v. Talladino, 38F.3d 1255, 1263 (1st Cir. 1994).

The petitioner presents the following question of law below relevant to constitutional Booker error.

2

"Whether the district court committed constitutional
Booker error, by sentencing the petitioner outside
of his maximum guideline range, as determined by the
jury's verdict, where the district court relied on
extra verdict facts in attributing the petitioner
fifteen (15) kilograms of cocaine for sentencing
purposes."

In the instant case, the question of law must be resolved,
as constitutional Booker error in the district court, nor in the
First Circuit has yet to be resolved.  This court must first add-
ress, adjudicate, and resolve on the merits constitutional Booker
relevant to the petitioner's initial sentencing and resentencing,
and if not corrected, allow the First Circuit to address, adjudi-
cate, and resolve the matter on the merits.  Id. Ziskind, 491 F.3d
at pg. 16.

From the onset of the petitioner's initial sentencing,
the district court relied on the presentence report's (PSR) conc-
lusory allegation that the petitioner was to be sentenced pursuant
to the murder cross reference of section 2D1.1(d)(1), and senten-
ced the petitioner to a life sentence, where the base offense
level 43.  Id. Perez-Ruiz, 353 F.3d at 14.  After review of the
case by the First Circuit, it was concluded that the jury was
never instructed to determine whether the statutory provisions
of Title 21 U.S.C. § 841(b)(1)(A) applied for sentencing purposes
in order to trigger the minimum mandatory sentences of five (5)
or ten (10) years, and that the petitioner had to be sentenced
pursuant to the default statutory maximum of Title 21 U.S.C. §
841(b)(1)(C).  Id. Perez-Ruiz, 353 F.3d at 15-17.  The First Cir-
cuit then remanded the case back to the district court for resen-
tencing, instructing the district court that it could not increase

3

the petitioner's sentence over twenty (20) years.  Id. Perez-Ruiz,
353 F.3d at 19.

The petitioner's direct appeal was heard by the First
Circuit prior to the Supreme Court's rulings in Blakely v. Washi-
ngton, 542 U.S. 296 (2004) and Booker, and the petitioner's rese-
ntencing took place prior to the rulings in Blakely and Booker
being squarely addressed by the First Circuit and their applicat-
ion to such cases.

At the petitioner's resentencing, the district court
made a sua sponte determination that the petitioner was responsi-
ble for fifteen (15) kilograms of cocaine during the conspiracy,
and sentenced the petitioner to twenty (20) years pursuant to 21
U.S.C. § 841(b)(1)(C).  Id. Perez-Ruiz, 421 F.3d at 14.  The dis-
trict court did not take into consideration the Supreme Court's
ruling in Blakely, by correctly determining the minimum and maxi-
mum guideline range, nor the ruling in Booker, where the Sixth
Amendment requires juries, not judges, to find facts relevant to
sentencing.  Id.  On appeal of the petitioner's resentencing, the
First Circuit applied "statutory" Booker error when reviewing the
petitioner's claim that the district court erroneously attributed
him fifteen (15) kilograms of cocaine for sentencing purposes,
and then concluded that the district court could make findings of
the drug quantity, also, that the district court's findings of the
fifteen (15) kilograms of cocaine were adequately supported.  Id.
421 F.3d at 15-16.

There has never been the issue of constitutional Booker
error presented to the district court nor the First Circuit by
the petitioner, and neither the district court or the First Circ-

4

uit has addressed, adjudicated, and resolved constitutional
Booker error on the merits.

Unlike the First Circuit, other Circuits has addressed,
adjudicated, and resolved on the merits, constitutinal Booker
error.  See, U.S. v. Phillips, 2006 U.S. App. LEXIS 10812, April
26, 2006 and U.S. v. Castaneda, 448 F.3d 731, 732 (5th Cir. 2006).
The First Circuit Case U.S. v. Antonakopoulos, 399 F.3d 68, 75-76
(1st Cir. 2005), is dispositive, as the case does not address,
adjudicate, and resolve on the merits, constitutional Booker error.
The First Circuit erroneously relied on Antonakopoulos in denying
the petitioner's appeal of his resentencing.

The Fifth Circuit has ruled that "in order to preserve
Booker error for, as here, a pre-Booker sentence, a defendant need
not explicitly cite Apprendi, Blakely or the Sixth Amendment." See,
U.S. v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005).  It is without
dispute that the petitioner's direct appeal was a pre-Booker dec-
ision, and petitioner readily preserved claims of constitutional
Booker error.  Id. Perez-Ruiz, 353 F.3d at 15.  The appeal of the
petitioner's resentencing specifically presented a constitutional
Booker error claim, although not titled "constitutional Booker".
Id. Perez-Ruiz, 421 F.3d at  15 .

The Fifth Circuit has ruled that "if a defendant voices an
objection sufficient to apprise the sentencing court that he is
raising a constitutional claim with respect to judicial fact fin-
ding in the sentencing process, the error is preserved." Id. Cas-
taneda-Barrientos, 448 F.3d at 732.  The petitioner has clearly
set out objections to the district court erroneously sentencing
him to fifteen (15) kilograms of cocaine, of which the jury's

5

verdict did not determine.

Here, the constitutional <u>Booker</u> error began with the district court's violation of <u>Blakely</u>, by failing to correctly determine the petitioner's minimum and maximum guideline range based the jury's verdict.  The Supreme court ruled in <u>Blakely</u> that:

> "Our precedents make clear... that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant....In other words, the relevant 'statutory maximum', is not the maximum sentence a judge may impose without any additional findings.  When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment', ..... and the judge exceeds his proper authority."  Id. 542 U.S. at 303.

Applying <u>Blakely</u> to the present case, of which has not been overruled by any of the Supreme Court's later/recent decisions, and is still controlling authority, the petitioner's guideline range should have been based on a base offense level of 12, and a guideline range of 10 to 16 months in criminal history category one (1), given the fact that 21 U.S.C. § 841(b)(1)(C) has no minimum sentence and a maximum sentence of twenty (20) years. Id. Title 21 U.S.C. § 841(b)(1)(C).  Of other importance, given the fact that the jury in this case did not determine the quantity of drugs to trigger a five (5) and ten (10) year minimum mandatory sentence, the petitioner's base offense level must start at a level 12, as no specific quantity of drugs were determined by the jury. Id. <u>Perez-Ruiz</u>, 353 F.3d at 16.

Here, the maximum sentence the court could impose on the petitioner in light of <u>Blakely</u> was 16 months, without the court making any extra verdict facts, even where the statutory maximum

was twenty (20) years pursuant to 21 U.S.C. § 841(b)(1)(C).

The district court clearly exceeded the maximum sentence
it could impose on the petitioner by sentencing him to twenty
(20) years, after making extra-verdict facts and attributing the
petitioner fifteeen (15) kilograms of cocaine, of which the jury's
verdict did not determine.  The First Circuit has recently ruled
that a within the guideline sentence is reasonable.  See, U.S. v.
Germosen, LEXIS 5321 First Circuit 2007.  Error in light of the
ruling in Blakely has occurred here.

The constitutional Booker error occurred where the
the district court, not the jury's verdict, determined that the
petitioner was to be attributed fifteen (15) kilograms of cocaine
for sentencing purposes, and the district court relied on extra
verdict facts in doing so.  The second part of the majority opin-
ion in Booker acknowledged that "the Sixth Amendment requires
jury's, not judges, to find facts relevant to sentencing."  Id.
Booker, 543 U.S. at 232 .  The twenty (20) year senténce imposed
on the petitioner by the district court contradicts the principles
established in Booker, specifically, where constitutional Booker
error has occurred.  It is without dispute that if the jury does
not determine the amount of drugs to trigger the five (5) and ten
(10) year minimum mandatory sentences, the district court imposing
à sentence on the petitioner that exceeds both the five (5) and
ten (10) year minimum sentences, based on extra verdict facts,
violatés the petitioner's Fifth and Sixth Amendment rights to a
jury trial.

The Eleventh Circuit ruling in Phillips is instructive
on the manner in which constitutional Booker error is applied,

given the fact that the district court, nor the First Circuit

has addressed, adjudicated, and resolved on the merits, constitu-

tional Booker error.  In order to proven a further manifest inju-

stice, this honorable court must resolve the question of law being

presented.

### CORRECTION OF MANIFEST INJUSTICE

The petitioner brings to the court's attention that

there exist a manifest injustice in the present case, where the

district court denied his habeas corpus motion filed pursuant to

Title 28 U.S.C. § 2255, without addressing and adjudicating all

the claims on the merits, whether relief was granted or denied,

and erroneously concluding that several of his claims raised in

the § 2255 motion were raised on direct appeal.  See, Perez-Ruiz

v. U.S., 2006 U.S. Dist. LEXIS 50126.

The petitioner further contends that a manifest injustice

exist, as the the district court at his initial sentencing and

resentencing, and the First Circuit on his direct appeal and

appeal of his resentencing, failed to address, adjudicate, and

resolve constitutional Booker error on the merits when presented

to them.  The First Circuit has long since established the law

that whether the Law of the Case Doctrine applies at all is a

question of law, which warrants de novo review.  See, Tang v. Dept.

of Elderly Affairs, 163 F.3d 7, 10-11 (1st Cir. 1998).

Of other importance, the First Circuit has ruled that a

court can reconsider its past decision.  See, Ellis v. U.S., 313

F.3d 636, 647-48 (1st Cir. 2002).  The First Circuit has also

ruld that reconsideration of a past decision requires at a minimum,

a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong, and resulted in prejudice. See, U.S. v. Moran, 393 F.3d 1, 7-8 (1st Cir. 2002).

It is without dispute that the previous rulings in the petitioner's case, both in the district court and the First Circuit, are unreasonable and most definitely wrong, where the rulings has failed to make a determination of constitutional Booker error, specifically, when the petitioner raised such a claim. This court must now resolve the question of law being presented to correct the manifest injustice that has occurred, or forward the case to the First Circuit in order for the question of law to be addressed, adjudicated, and resolved on the merits.

Wherefore, the petitioner request this honorable court to resolve the question of law being presented in light of Constitutional Booker error, and the petitioner request the court to correct the manifest injustice that has occurred in light of the district court's and the First Circuit's past ruling in light of a Booker error, as they are obviously wrong and unreasonable. The petitioner request the court for any other relief that is just and proper.

Respectfully Submitted,

Julio Perez-Ruiz, Pro-se
#20207-069
FCC Coleman-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing

has been forwarded to the following parties listed below by way

of United States Mail on this _15_ day of _Abril_ 2008.

United States Attorneys Office
350 Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918


_____
Julio Perez-Ruiz, Pro-se